**AFFIDAVIT**

I, Jason Donnelly, having been duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Social Security Administration, Office of the Inspector General, Office of Investigations ("SSA/OIG/OI"), Boston, Massachusetts Field Office and have been so employed since February 2001. My duties include the conduct of criminal investigations involving criminal violations of Title 18 and Title 42 of the United States Code. Prior to my employment with SSA/OIG/OI, I worked for approximately three years as an Inspector with the Immigration and Naturalization Service in Boston, MA. I am a graduate of the Criminal Investigator Training Program, the Inspector General Investigator Training Program, and the Immigration Officer Basic Training Course taught at the Federal Law Enforcement Training Center in Glynco, GA.

2. I am aware based on my training and experience that Title 18, United States Code, Section 641 makes it a criminal offense for anyone to steal money or anything of value belonging to the United States government. Having so stated, I make this affidavit in support of complaint charging an individual named Debra BOUYER ("BOUYER") with theft of government property in violation of 18 U.S.C. § 641.

3. The information set forth in this affidavit is based on my personal knowledge, information provided to me by other law

enforcement agencies, and my review of relevant SSA records.

4. The Office of Investigations is the law enforcement component within the Office of the Inspector General for SSA. The Office of Investigations conducts and coordinates criminal investigations related to SSA programs, operations, and its employees.

5. SSA is an agency within the executive branch of the United States Government responsible responsible for administering retirement, disability, survivor, and Supplemental Security Income benefits programs for eligible beneficiaries. Under the Mother's Insurance Benefits program, the widow of an individual who died fully or currently insured is, upon filing an application, entitled to a mother's insurance benefit if (among other requirements not here at issue) she is not married.

6. My review of SSA records revealed that on or about November 6, 1997, BOUYER filed and signed an application for Mother's Insurance Benefits at the Worcester, MA SSA District Office. This application was based upon the insured status of her deceased husband, Bernard Barber. BOUYER completed this application using her married name, "Debra Barber." In completing and submitting the application, BOUYER agreed to notify SSA promptly if she remarried.

7. As a result of the application filed by BOUYER on or about November 6, 1997, SSA began paying monthly cash benefits to BOUYER under the Mother's Insurance Benefits program. BOUYER

received SSA benefits from approximately November 1997 until April 2002 in the monthly amount of $572.10 in 1997 with increases to $798.30 per month at the time her benefits were terminated in April 2002.

8. A review of a Commonwealth of Massachusetts Certificate of Marriage number 1998-3, recorded by the Town of Winchendon, MA on March 10, 1998, has disclosed that BOUYER married Zodus Dutch Bouyer in Winchendon, MA on March 7, 1998.

9. On April 23, 2003, I and Special Agent Michael Leonard of SSA/OIG/OI interviewed BOUYER at her place of business, Digital Federal Credit Union, located at 220 Donald Lynch Boulevard, Marlborough, MA 01752-4708. I presented BOUYER with copies of documentation from her Social Security Benefit Folder, to include: New York Marriage License No. 07239 indicating her marriage on May 9, 1980 to Bernard Barber; New York Death Certificate No. 156-97-048023 indicating the death of Bernard Barber on October 9, 1997; Application for Mother's or Father's Insurance Benefits signed by BOUYER in the name Debra Barber and dated 11/6/97; and a Massachusetts Certificate of Marriage indicating the marriage on March 7, 1998 of BOUYER and Zodus Bouyer. BOUYER verified and initialed each copy.

10. BOUYER provided OI with a sworn statement attesting that she applied for and received Social Security benefits based upon her deceased husband Bernard Barber. BOUYER stated that she knew that she was required to advise Social Security if she

remarried after the death of Bernard Barber. She further stated that she concealed her marriage to Zodus Bouyer from SSA because she had no regular income other than SSA benefits and knew that her benefits would be stopped if SSA became aware that she had remarried. At the time of the interview BOUYER was still married to Zodus Bouyer.

11. Based upon concealing her marriage to Zodus Bouyer from SSA, SSA has determined that between March 1998 and April 2002, BOUYER received approximately $33,657.00 in Social Security Mother's Insurance Benefits to which she was not entitled.

12. Based on the foregoing, I believe probable cause exists to conclude that on or about March 1998 through April 2002, Debra BOUYER, within the District of Massachusetts, did knowingly convert and steal U.S. Government Property or Funds by fraudulently receiving approximately $33,657.00 in Social Security benefits, in violation of 18 U.S.C. § 641.

_____
JASON DONNELLY
U.S. Social Security Admin.
Office of the Insp. General
Office of Investigations

Subscribed and sworn to before me this 17th day of October, 2003.

_____
JUDITH GAIL DEIN
United States Magistrate Judge